**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Guadalupe GOMEZ–RENDON, aka Angel Cabelero, Juan Torrez Morales Defendant–Appellant.**

**No. 02–10181.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2003.[*]

Decided June 18, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY, District Judge.**

## MEMORANDUM ***

José Guadalupe Gómez–Rendń ("Gómez") appeals the sentence given him pursuant to a Plea Agreement in which he pled guilty to the offense of re-entry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). The Gómez Plea Agreement contained a waiver of appeal. Gómez argues that his sentence enhancement should be limited to one count of possession of a controlled substance, an aggravated felony. Gómez contends that the sentence imposed by Judge Rosenblatt is inconsistent with his Plea Agreement and, therefore is invalid.

The Plea Agreement states: "The precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record." There is no statement in the Plea Agreement to the effect that defendant's entire criminal record involves nothing more than a single conviction for possession of a controlled substance. Indeed, the PSR explicitly states that he was sentenced on June 12, 1996, for convictions on two counts, transportation of cocaine base for sale and possession of cocaine base for sale.[1] The Abstract of Judgment records that the sentence he received for these convictions was 1 year and 4 months. The Plea Agreement defined Level 24 offenses, in pertinent part, as follows:

Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), Unlawful Reentry After Deportation by an alien with a prior aggravated felony conviction for (i) a drug trafficking offense for which the sentence imposed exceeded 13 months ... is classified as a crime with an offense level of twenty-four (24) and carries a sentence between 51 and 125 months incarceration, which will be precisely determined by the court, based upon the defendant's criminal record.

As the June 1996 sentence was greater than 13 months, Gómez's offense level was 24. After adjustment for acceptance of responsibility the total offense level was 21 and the judge departed downward 4 levels in accordance with the Plea Agreement. It follows that the sentence imposed—41 months, in accordance with the PSR's calculation—is also in accordance with the Plea Agreement.

Appellant also contends that the Court imposed an illegal sentence because his plea was based on simple possession instead of trafficking and constituted a Rule 11(e)(1)(C) agreement binding on the court. This argument is without merit. The written Plea Agreement does not limit the plea to simple possession as a basis for the prior aggravated felony conviction.

AFFIRMED.

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The PSR also states that Gómez "disputes the convictions[,] and court documents show [that] he refused to sign the sentencing and probation orders in San Francisco."